No. 22-35085

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

DEVAS MULTIMEDIA PRIVATE LTD.,

*Petitioner-Appellant,*

CC/DEVAS (MAURITIUS) LTD.; TELCOM DEVAS MAURITIUS LIMITED; DEVAS MULTIMEDIA AMERICA, INC.; DEVAS EMPLOYEES MAURITIUS PRIVATE LIMITED,

*Intervenors-Plaintiffs-Appellees,*

v.

ANTRIX CORP. LTD.,

*Respondent.*

---

On Appeal from the United States District Court
for the Western District of Washington
No. 2:18-cv-01360-TSZ
Honorable Thomas S. Zilly

---

## PETITIONER-APPELLANT'S RESPONSE TO MOTION TO
## INTERVENE PURSUANT TO FED. R. CIV. P. 24

---

Aaron M. Streett
Christopher E. Tutunjian
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, TX 77002
Tel: (713) 229-1234

*Attorneys for Petitioner-Appellant*
*Devas Multimedia Private Ltd.*

## <u>TABLE OF CONTENTS</u>

Introduction ................................................................................................1

Factual and Procedural Background .........................................................2

    I.    Devas obtains the Award against Antrix, which is confirmed by the district court. ..................................................................2

    II.    Devas is placed into liquidation, and an Official Liquidator is appointed over Devas. ...........................................................3

    III.    Intervenors successfully intervene in the district court and this Court. ....................................................................................4

    IV.    The district court permits Intervenors to register the Judgment in the Eastern District of Virginia and to seek further registration in other judicial districts. ............................................................5

    V.    The Mauritian authorities allegedly attempt to take control of the Devas Shareholders. ...............................................................5

Argument....................................................................................................7

    I.    The Delaware Parents are not entitled to intervene as of right. ............7

        A.    The Delaware Parents do not have a significantly protectable interest relating to this appeal. .................................7

        B.    The Delaware Parents face no practical impairment of their interests, nor will their interests be inadequately represented. ..........................................................................12

    II.    The Delaware Parents do not satisfy the standard for permissive intervention.......................................................................14

Conclusion ...............................................................................................18

Combined Certifications ..........................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allstate Life Ins. Co. v. Linter Grp. Ltd.*,
   994 F.2d 996 (2d Cir. 1993) ............................................................12

*Amchem Products, Inc. v. Windsor*,
   521 U.S. 591 (1997).........................................................................15

*Beckman Industries, Inc. v. International Insurance Co.*,
   966 F.2d 470 (9th Cir. 1992) ..........................................................16

*Day v. Apoliona*,
   505 F.3d 963 (9th Cir. 2007) .............................................................7

*Devas Multimedia Private Ltd. v. Antrix Corp. Ltd.*,
   No. 20-36024 (9th Cir.) .....................................................................1

*Devas Multimedia Private Ltd. v. Antrix Corp. Ltd.*,
   No. 22-35085 (9th Cir.) .....................................................................2

*Devas Multimedia Private Ltd., et al. v. Antrix Corp. Ltd.*,
   No. 22-35103 (9th Cir.) .....................................................................5

*Diamond v. Charles*,
   476 U.S. 54 (1986).........................................................................15

*EEOC v. Nat'l Children's Ctr., Inc.*,
   146 F.3d 1042 (D.C. Cir. 1998).....................................................15

*Gould v. Alleco, Inc.*,
   883 F.2d 281 (4th Cir. 1989) .............................................................9

*Perry v. Proposition 8 Off. Proponents*,
   587 F.3d 947 (9th Cir. 2009) ...............................................7, 14, 17

*S. Cal. Edison Co. v. Lynch*,
   307 F.3d 794 (9th Cir. 2002) .................................................8, 9, 14

*Smith v. Los Angeles Unified Sch. Dist.*,
   830 F.3d 843 (9th Cir. 2016) .....................................................7, 12

*Textile Workers Union of Am. v. Allendale Co.*,
226 F.2d 765 (D.C. Cir. 1955)......................................................................16, 17

*Trans Chemical Ltd. v. China National Machinery Import & Export Corporation*,
332 F.3d 815 (5th Cir. 2003) ...........................................................................8, 9

*United States v. Bennett*,
621 F.3d 1131 (9th Cir. 2010) .............................................................................10

*United States v. City of Los Angeles*,
288 F.3d 391 (9th Cir. 2002) .........................................................................7, 12

**STATUTES**

28 U.S.C. § 1610(c) ...................................................................................................5

28 U.S.C. § 1963 ........................................................................................................5

**RULES**

Fed. R. Civ. P. 24 ..............................................................................................8, 9, 14

Fed. R. Civ. P. 24(a)(2)..............................................................................................7

Fed. R. Civ. P. 24(b) ................................................................................14, 15, 16

Fed. R. Civ. P. 24(c)..................................................................................................14

**OTHER AUTHORITIES**

Caleb Nelson, *Intervention*, 106 Va. L. Rev. 271 (2020)........................................16

## INTRODUCTION

Devas Multimedia Private Ltd. ("Devas") respectfully submits this opposition to the Motion to Intervene Pursuant to Fed. R. Civ. P. 24 (the "Motion") filed by CCDM Holdings, LLC, Telcom Devas, LLC, and Devas Employees Fund US, LLC (together, "the Delaware Parents").

This case involves a $1.3 billion judgment confirming an arbitral award (the "Award") in favor of Devas, an Indian company (the "Judgment"). Antrix Corporation Ltd. ("Antrix"), the judgment debtor, has appealed that Judgment to this Court. *Devas Multimedia Private Ltd. v. Antrix Corp. Ltd.*, No. 20-36024 (9th Cir.) ("Confirmation Appeal"). Not long after Antrix noticed its appeal, Devas was placed into court-ordered liquidation by Indian judicial authorities. Devas was temporarily left without counsel while the Official Liquidator took control of Devas. During that time, this Court permitted CC/Devas (Mauritius) Ltd., Devas Employees Mauritius Private Limited, and Telcom Devas Mauritius Limited (collectively, the "Devas Shareholders"), and Devas Multimedia America, Inc. ("DMAI," and together with the "Devas Shareholders," the "Intervenors") to intervene to defend Devas's Judgment, even though they took no part in the judgment-confirmation proceedings that led to the Confirmation Appeal. After intervening in the district court, Intervenors obtained an order registering Devas's Judgment in the Eastern District of Virginia, and Devas has appealed that order to this Court on the ground

1

that Intervenors have no right to register Devas's Judgment. *Devas Multimedia Private Ltd. v. Antrix Corp. Ltd.*, No. 22-35085 (9th Cir.) ("Registration Appeal")

Now, the Delaware-incorporated parent companies of the Devas Shareholders seek to intervene in the Registration Appeal before this Court.[1] The Delaware Parents claim this intervention is necessary to defend and enforce Devas's Judgment due to the alleged seizure of the Devas Shareholders by Mauritian authorities. But these circumstances do not warrant the Delaware Parents' intervention. Devas is the only party with the right to the Judgment and the underlying Award, and the Delaware Parents' attenuated interests in the Judgment do not suffice to permit intervention here. In addition, their interests are adequately represented by the Devas Shareholders and DMAI. Permitting intervention would be contrary to settled law and would waste judicial resources without countervailing benefit. Consequently, Devas respectfully requests the Motion be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

## I. Devas obtains the Award against Antrix, which is confirmed by the district court.

In January 2005, Devas and Antrix entered into an agreement under which Antrix would make telecommunications spectrum available for Devas's use.

---

[1] This response addresses the Delaware Parents' motion to intervene in the Registration Appeal. Devas has filed a separate response to the Delaware Parents' motion to intervene in the Confirmation Appeal.

Confirmation Appeal, Dkt. 52 at 3. After Antrix repudiated the agreement in 2011, Devas initiated arbitration proceedings before the International Chamber of Commerce and obtained in September 2015 a final arbitral Award against Antrix. *Id.* at 8. In September 2018, Devas petitioned the district court to confirm the Award. *Id.* at 9. On November 4, 2020, the district court entered judgment for Devas confirming the Award, and Antrix timely appealed to this Court. *Id.* at 10. At that time, the only parties involved in the district-court proceedings were Devas and Antrix.

## II. Devas is placed into liquidation, and an Official Liquidator is appointed over Devas.

In January 2021, Antrix filed a petition to wind up Devas before the Indian National Company Law Tribunal ("NCLT"), alleging, among other things, that Devas had obtained the agreement between Devas and Antrix through fraudulent conduct. Registration Appeal, Dkt. 16 at 6. The NCLT concluded that Antrix had made a *prima facie* showing that Devas used fraudulent conduct to obtain the agreement. *Id.* Accordingly, the NCLT issued an order appointing a Provisional Liquidator to take over Devas's affairs. *Id.* The Provisional Liquidator released Devas's previous counsel, who withdrew with leave of the district court and this Court. *Id.*

On May 25, 2021, the NCLT issued a final order to put Devas into liquidation and appointed an Official Liquidator to oversee the orderly winding up of Devas.

*Id.* That decision was affirmed by the National Company Law Appellate Tribunal in a 357-page opinion on September 8, 2021, and by the Indian Supreme Court in a 134-page opinion on January 17, 2022. *Id.* at 6-7. Consistent with his legal obligations under Indian law, the Official Liquidator is defending Devas against Antrix's challenges to the Judgment in this Court. *Id.* at 7. The Official Liquidator retained the undersigned counsel to do just that. Indeed, the Official Liquidator has filed Devas's brief in this Court refuting Antrix's attacks on the Judgment and intends to present oral argument on June 7, 2023. Confirmation Appeal, Dkt. 52. The Official Liquidator has also continued to represent and defend Devas in various proceedings in India. *See* Exhibits A and B.

## III. Intervenors successfully intervene in the district court and this Court.

Soon after Devas was placed in liquidation, the Devas Shareholders, relying on their status as equity holders in Devas, moved to intervene in the district court. Registration Appeal, Dkt. 16 at 8. DMAI, relying on a contract with Devas to provide collection services with respect to the Award, moved to substitute itself for Devas as petitioner in the action, or in the alternative, to intervene in the action. *Id.* After a limited remand from this Court, the district court granted permissive intervention on February 24 to both sets of Intervenors—the Devas Shareholders and DMAI. *Id.* However, the district court denied DMAI's motion for substitution. *Id.* at 9.

**IV.  The district court permits Intervenors to register the Judgment in the Eastern District of Virginia and to seek further registration in other judicial districts.**

Intervenors then sought to register Devas's Judgment nationwide under 28 U.S.C. § 1963 and 28 U.S.C. § 1610(c).  Registration Appeal, Dkt. 16 at 10.  The district court granted the motion in part (the "Registration Order").  *Id*.  In a single sentence, the court declared without explanation that Intervenors have standing to seek registration of the Judgment.  *Id*.  The district court further concluded that there was good cause under 28 U.S.C. § 1963 to register the Judgment in the Eastern District of Virginia.  *Id*.  Although the district court granted the motion only as to the Eastern District of Virginia, it stated that it was possible that Intervenors could make the required showing that assets exist in other districts, and the district court would authorize further registration at that time.  *Id*.  Devas timely appealed from the Registration Order, *id.*, and so did Antrix.  *See Devas Multimedia Private Ltd., et al. v. Antrix Corp. Ltd.*, No. 22-35103 (9th Cir.).

Briefing is complete in both the Confirmation and Registration Appeals, and argument is set for Wednesday, June 7, 2023.

**V.  The Mauritian authorities allegedly attempt to take control of the Devas Shareholders.**

According to the pending Motion, on April 13, 2023, the Mauritian Financial Services Commission informed the Devas Shareholders that, in light of the Indian Supreme Court's judgment affirming the wind up of Devas, it was suspending their

global business licenses and opening investigations into them. Champion Decl., Ex. A, Annexes 1A-1C. The Commission subsequently ordered them to show cause why their global business licenses should not be permanently revoked. Champion Decl., Ex. A, Annexes 2A-2C. On April 24, the Devas Shareholders obtained a temporary injunction from a judge of the Supreme Court of Mauritius enjoining the Commission from suspending their licenses or interfering in their litigation or arbitral proceedings; the temporary injunction will remain in place until May 22. Champion Decl., Ex. B.

On April 28, the Mauritian Registrar of Companies allegedly filed an *ex parte* application with the Supreme Court of Mauritius to take control of the Devas Shareholders. Champion Decl., Ex. C, Annexes A1-A3. Judges of the Court granted the application, and a government-appointed administrator was placed in control of the Devas Shareholders. *Id.* But soon after this, a judge of the Supreme Court of Mauritius entered another temporary injunction against the Registrar of Companies barring the Registrar of Companies and administrator from acting as the administrator of the Devas Shareholders and ordering the Registrar of Companies and administrator to appear before the Court on May 22 for further proceedings. Champion Decl., Ex. G.

## ARGUMENT

## I. The Delaware Parents are not entitled to intervene as of right.

Federal Rule of Civil Procedure 24(a)(2) permits a party to intervene as a matter of right. An applicant must satisfy four requirements:

> (1) that the prospective intervenor's motion is "timely"; (2) that the would-be intervenor has "a 'significantly protectable' interest relating to . . . the subject of the action," (3) that the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action."

*Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (citation omitted); *see also Day v. Apoliona*, 505 F.3d 963, 964-65 (9th Cir. 2007) (applying Federal Rule of Civil Procedure 24(a)(2) to a motion to intervene on appeal). "Failure to satisfy any one of the requirements is fatal to the application, and [this Court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

### A. The Delaware Parents do not have a significantly protectable interest relating to this appeal.

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (citation omitted). For intervention as a matter of right, the interest must be "*direct, non-contingent,*

substantial and legally protectable." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (emphasis added).

In their Motion, the Delaware Parents argue that they "have protectable interests in the confirmation judgment they seek to enforce and defend." Mot. at 13. According to the Delaware Parents, because they own the Devas Shareholders who in turn have an equity stake in Devas, the Delaware Parents have a sufficient economic stake in this litigation to permit intervention. *Id.* at 13-14. The Delaware Parents are incorrect. Case law confirms that these indirect economic interests do not satisfy the significantly-protectable-interest requirement as a matter of law.

In *Trans Chemical Ltd. v. China National Machinery Import & Export Corporation*, 332 F.3d 815 (5th Cir. 2003), shareholders owning a 50% stake in a company sought to intervene in the company's action to enforce its arbitral award. *Id.* at 817. The court affirmed the district court's denial of intervention because the shareholders "failed to articulate an interest in the subject matter of the litigation." *Id.* at 823. "[T]he applicant's interest relating to the subject of the action must be 'direct and substantial' and must be 'something more than an economic interest.'" *Id.* (citation omitted). The court recognized that "[a]s shareholders in [the company], they have an economic interest in the award, but this is not direct and substantial as required under Rule 24." *Id*. In sum, they "failed to demonstrate that they have a sufficient interest in the outcome of the litigation, which was brought to enforce an

8

arbitration award. They are merely shareholders of the corporation, and any interest they claim in the main demand is a derivative interest." *Id.* at 825.

The Fourth Circuit ruled similarly in *Gould v. Alleco, Inc.*, 883 F.2d 281 (4th Cir. 1989). There, the court affirmed the district court's denial of bondholders' attempt to intervene in a class-action securities-fraud lawsuit brought by shareholders. *Id.* at 282-83. When the class action settled, the bondholders became concerned that the settlement would deplete the company's assets and thereby dilute the conversion value of their bonds. *Id.* at 283. The bondholders filed a separate action and sought to intervene in the shareholder class action. *Id.* The court rejected their attempt to intervene:

> The gist of the argument is that payment of the $6.95 million settlement would deplete the assets of Alleco to the prejudice of the [intervenors] in the event they were successful in their suit. Merely claiming a general interest in Alleco's assets based on a speculative recovery in an unrelated civil action does not, however, satisfy Rule 24's requirement that the claim be "relating to the property or transaction which is the subject of the action." If the intervenor's theory is correct, every proposed settlement would be subject to derailment as long as a potential judgment creditor decided to intervene. *In a sense, every company's stockholders, bondholders, directors and employees have a stake in the outcome of any litigation involving the company, but this alone is insufficient to imbue them with the degree of "interest" required for Rule 24(a) intervention.*

*Id.* at 285 (emphasis added).

Like the Fourth and Fifth Circuits, this Court requires an interest that is "direct, non-contingent, substantial and legally protectable." *S. Cal. Edison*, 307

F.3d at 803 (citation omitted).  Thus, as in the cases from those circuits, the Delaware Parents' status as shareholders of Devas's shareholders cannot satisfy the significantly-protectable-interest requirement.  They are not named on the Award or Judgment, and they lack any right to enforce the Award or Judgment.  "A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities.  An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets."  *United States v. Bennett*, 621 F.3d 1131, 1137 (9th Cir. 2010) (internal quotation marks omitted).  The assets of the corporation are its property while the shares of the corporation are the shareholders' property; the shareholder has no right to the corporation's property until a distribution is made.  *Id*.  Shareholders' right in a company's judgment is derivative and indirect, and the Delaware Parents thus have nothing but an economic stake in the outcome of this litigation.

What is more, the Delaware Parents' alleged stake in this litigation is even weaker than the sort of economic interests that courts have already held not to satisfy the significantly-protectable-interest requirement.  The Delaware Parents claim that because (1) the Devas Shareholders have a right to share in the assets of Devas and (2) the Delaware Parents have a right to the Devas Shareholders' residual assets, the Delaware Parents satisfy this requirement.  Mot. at 13-14.  On the first point, the Delaware Parents are simply incorrect.  Under both American and Indian law, a

10

shareholder has no present right to the assets of the company but instead possesses only a right to share in the corporation's surplus assets after liquidation. Registration Appeal, Dkt. 16 at 23-30. Thus, it is irrelevant whether the Delaware Parents have a right to the Devas Shareholders' residual assets. Because the Judgment is not owned by the Devas Shareholders, the Delaware Parents have only an interest in whatever remains after Devas's liquidation is complete, Devas's assets are distributed to the Devas Shareholders, and the Devas Shareholders' liquidation is then completed. Additionally, the Delaware Parents admit that the Devas Shareholders' liquidation has not yet been ordered, and further proceedings addressing the control of the Devas Shareholders will take place on May 22. Mot. at 9, 14. If the interests of shareholders of a party to litigation are not enough, then surely interests another step removed and dependent on the outcome of future proceedings do not suffice.

If intervention were allowed in these circumstances, shareholders, subsidiaries, and even those ancillary entities' shareholders would be entitled to intervene any time their indirect interests in a company's assets are threatened. That is not the law, and this Court should not endorse the chaos that would ensue by allowing intervention any time shareholders or shareholders' shareholders are

11

displeased with management's prosecution of a legal action.[2]

**B.    The Delaware Parents face no practical impairment of their interests, nor will their interests be inadequately represented.**

The Delaware Parents also "must show that they are so situated that the disposition of the action without [the Delaware Parents] may as a practical matter impair or impede their ability to safeguard their protectable interest." *Smith*, 830 F.3d at 862. To determine whether the existing parties adequately represent an intervenor's interest, this Court considers:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*City of Los Angeles*, 288 F.3d at 398. "The prospective intervenor bears the burden

---

[2] International comity also strongly counsels against permitting intervention here. American courts "have recognized that comity is particularly appropriate" in the context of foreign bankruptcy and liquidation proceedings. *Allstate Life Ins. Co. v. Linter Grp. Ltd.*, 994 F.2d 996, 999 (2d Cir. 1993). That is because "American courts have consistently recognized the interest of foreign courts in liquidating or winding up the affairs of their own domestic business entities." *Id* at 1000 (citation and internal quotation marks omitted); *see also* Registration Appeal, Dkt. 16 at 39-41. The Indian judicial system has appointed the Official Liquidator as the sole manager of Devas's affairs, with the exclusive power to institute or defend any suit, prosecution, or other legal proceeding, in the name and on behalf of the company, including proceedings pertaining to arbitration. Registration Appeal, Dkt. 16 at 41-42. This Court should not permit the Delaware Parents to intervene in a manner that would disrupt the Official Liquidator's management of Devas and the faithful execution of his duties to defend Devas's Judgment in this Court.

of demonstrating that existing parties do not adequately represent its interests." *Id.*

The Delaware Parents' arguments that DMAI and the Devas Shareholders cannot represent their interests in the Registration Appeal are unavailing. Mot. at 15-18. DMAI and the Devas Shareholders vigorously defended the Judgment and Registration Order in briefing authored by the same counsel who now represents the Delaware Parents. The Delaware Parents give no reason to believe that DMAI and the Devas Shareholders will not continue to adequately defend whatever interests they have in the Judgment.

The Delaware Parents note that DMAI rests its claimed interest in the Judgment on a contract, while the Delaware Parents claim an attenuated interest as shareholders of the Devas Shareholders. But the Devas Shareholders remain able to represent the Delaware Parents' interests. The Devas Shareholders have the same objective as the Delaware Parents, and the Delaware Parents offer nothing but unfounded speculation as to the Devas Shareholders' ability to represent the Delaware Parents' interests. Mot. at 16. What is more, proceedings to determine the control of the Devas Shareholders are ongoing in Mauritius, and thus, the Delaware Parents' concerns about the Devas Shareholders' ability to represent the Delaware Parents' interests are premature conjecture. Mot. at 9.

The Delaware Parents have not carried their burden to show that they risk impairment of their interests in defending and enforcing the Judgment, nor can they

show that they will be inadequately represented by the existing parties.

## II.   The Delaware Parents do not satisfy the standard for permissive intervention.

The Delaware Parents also fail to satisfy the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b).  The applicant must show "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."  *S. Cal. Edison*, 307 F.3d at 803 (internal quotation marks omitted).  "Where a putative intervenor has met these requirements, the court may also consider other factors in the exercise of its discretion, including the nature and extent of the intervenors' interest and whether the intervenors' interests are adequately represented by other parties."  *Perry*, 587 F.3d at 955.

The Delaware Parents cannot satisfy the third requirement as a matter of law.  Rule 24 mandates that a putative intervenor's motion "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  The existing Intervenors have not complied with this requirement in either the district court or this Court, and the same is true in this Court for the Delaware Parents.  That is unsurprising, for they lack any claim or defense to be asserted in this appeal (or the action below):

> The words "claim or defense" manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit, as is confirmed by Rule 24(c)'s

requirement that a person desiring to intervene serve a motion stating "the grounds therefor" and "accompanied by a pleading setting forth the claim or defense for which intervention is sought." Thus, although permissive intervention "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation," it plainly *does* require an interest sufficient to support a legal claim or defense which is "founded upon [that] interest" and which satisfies the Rule's commonality requirement. Dr. Diamond simply has no claim or defense in this sense; he asserts no actual, present interest that would permit him to sue or be sued by appellees, or the State of Illinois, or anyone else, in an action sharing common questions of law or fact with those at issue in this litigation.

*Diamond v. Charles*, 476 U.S. 54, 76-77 (1986) (O'Connor, J., concurring) (citations omitted).[3] Thus, while the Delaware Parents need not have a direct pecuniary interest to support permissive intervention, they must have an interest that gives rise to a claim or defense that shares common questions with the existing litigation. *Id.*; *see also EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998)

---

[3] In *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), the Supreme Court adopted, in dictum, Justice O'Connor's reasoning:

> The words "claims or defenses" in [Rule 23(a)(3)]—just as in the context of Rule 24(b)(2) governing permissive intervention—"manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit." *Diamond v. Charles,* 476 U.S. 54, 76-77, 106 S. Ct. 1697, 1711, 90 L.Ed.2d 48 (1986) (O'CONNOR, J., concurring in part and concurring in judgment).

*Id.* at 623 n.18.

15

("Rule 24(b) requires that the would-be intervenor advance a 'claim or defense' that shares a common question with the claims of the original parties, with the apparent goal of disposing of related controversies together."); Caleb Nelson, *Intervention*, 106 Va. L. Rev. 271, 274-75 (2020) ("[A]n outsider cannot use Rule 24(b) to become a party to a case simply because the outsider has a practical stake in the outcome. Instead, the outsider needs to be a proper party to a claim for relief.").

In *Beckman Industries, Inc. v. International Insurance Co.*, 966 F.2d 470 (9th Cir. 1992), this Court emphasized that "the primary focus of Rule 24(b) is intervention for the purpose of litigating a claim on the merits." *Id*. at 472. The Delaware Parents cannot assert anything that looks remotely like a claim. Having not even the interests belonging to Devas's shareholders, but only those of shareholders' shareholders, the Delaware Parents could not bring any claim relating to the Award, its confirmation, or its enforcement.

The Delaware Parents argue that they satisfy the common-question requirement because they have "'a real economic stake in the outcome of th[e] litigation.'" Mot. at 19 (quoting *Textile Workers Union of Am. v. Allendale Co.,* 226 F.2d 765, 769 (D.C. Cir. 1955)). But, as discussed, economic interest alone does not satisfy the common-question requirement under this Court's precedent. Moreover, the Delaware Parents misread *Textile Workers*. There, the putative intervenors had initiated the minimum-wage determinations made by the Secretary of Labor that

16

were being challenged by various employers. Thus, as the court recognized, they could (and likely would) assert a legal claim or defense, such that the court could avoid multiple suits by resolving related controversies in a single action. *Textile Workers,* 226 F.2d at 769 ("[I]f appellants are excluded from this action, and a judgment is entered invalidating the wage determinations, appellants will eventually bring the controversy back to court to assert the position they ask to present now. The same issues, both of law and fact, would be involved."). Even if this outdated and erroneous standard for permissive intervention applied in this circuit, its holding would not support intervention here.

Lastly, even if the Delaware Parents could meet the standards for permissive intervention, this Court should exercise its discretion to deny intervention where their interests are identical to the Devas Shareholders' and largely overlap with DMAI's, and those parties will adequately represent those interests. *Perry*, 587 F.3d at 955 ("The district court's denial of [permissive] intervention based on the identity of interests of the Campaign and the Proponents and the Proponents' ability to represent those interests adequately is supported by our case law on intervention in other contexts."). Permitting intervention would result in duplicative arguments and waste judicial resources, which is an established basis for a discretionary denial of permissive intervention. *Id*. at 955-56. As the Delaware Parents acknowledge, they would advance the same arguments that the Devas Shareholders have already done

and would do no more than join the briefs already filed by the Devas Shareholders.

Mot. at 12, 19.

## CONCLUSION

For the foregoing reasons, Devas respectfully requests that this Court deny the Motion.


Dated: May 15, 2023                    Respectfully submitted,

                                        /s/ Aaron M. Streett
                                       Aaron M. Streett
                                       Christopher E. Tutunjian
                                       BAKER BOTTS L.L.P.
                                       910 Louisiana St.
                                       Houston, TX 77002
                                       Tel: (713) 229-1234

                                       *Attorneys for Petitioner-Appellant*
                                       *Devas Multimedia Private Ltd.*

## COMBINED CERTIFICATIONS

I, the undersigned, hereby certify the following:

1.      This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 4,255 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2.      This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.

3.      That, on May 15, 2023, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered users.

Dated:  May 15, 2023                            _/s/ Christopher E. Tutunjian_
                                                Christopher E. Tutunjian