Nos. 20-36024, 22-35085

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

DEVAS MULTIMEDIA PRIVATE LTD.,
*Petitioner-Appellee,*

CC/DEVAS (MAURITIUS) LTD.; DEVAS MULTIMEDIA AMERICA, INC.; DEVAS EMPLOYEES MAURITIUS PRIVATE LIMITED; TELCOM DEVAS MAURITIUS LIMITED,
*Appellees-Intervenors,*

v.

ANTRIX CORP. LTD.,
*Respondent-Appellant.*

---

On Appeal from the United States District Court
for the Western District of Washington
No. 2:18-cv-01360-TSZ
Honorable Thomas S. Zilly

---

### PETITIONER-APPELLEE'S SUPPLEMENTAL BRIEF

---

Aaron M. Streett
Christopher E. Tutunjian
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, TX 77002
Tel: (713) 229-1234

*Counsel for Petitioner-Appellee*
*Devas Multimedia Private Ltd.*

## TABLE OF CONTENTS

Table of Contents ...................................................................................i

Table of Authorities ............................................................................ ii

Introduction ...........................................................................................1

Argument................................................................................................2

     I.    This Court has subject-matter jurisdiction under the FSIA's arbitration exception..................................................................2

     II.   Antrix is subject to personal jurisdiction. ..............................7

        A.    Antrix is not a "person" under the Due Process Clause. ............8

        B.    Even if the Fifth Amendment applies to Antrix, personal jurisdiction is proper. ...............................................11

        C.    Antrix consented to personal jurisdiction. ...............................15

     III.   The Indian courts' set-aside of the award is not self-executing..........17

Form 8. Certificate of Compliance for Briefs..........................................19

Certificate of Service ...........................................................................20

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abelesz v. Magyar Nemzeti Bank*,
  692 F.3d 661 (7th Cir. 2012) ............................................................... 8

*Argentine Republic v. Amerada Hess Shipping Corp.*,
  488 U.S. 428 (1989) ............................................................................. 4

*Barapind v. Gov't of Republic of India*,
  844 F.3d 824 (9th Cir. 2016) ............................................................... 5

*Belize Soc. Dev. Ltd. v. Gov't of Belize*,
  794 F.3d 99 (D.C. Cir. 2015) ............................................................... 7

*Cassirer v. Kingdom of Spain*,
  616 F.3d 1019 (9th Cir. 2010) (en banc) ............................................. 9

*CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd.*,
  605 U.S. 223 (2025) ......................................................................... 1, 3

*Compañía de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*,
  58 F.4th 429 (10th Cir. 2023) ............................................................ 17

*Corporacion Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploracion y Produccion*,
  832 F.3d 92 (2d Cir. 2016) ................................................................ 17

*Deutsche Telekom, A.G. v. Republic of India*,
  No. 24-7081, 2025 WL 2810722 (D.C. Cir. Oct. 3, 2025) ................... 4

*Devas Multimedia Private Ltd. v. Antrix Corp. Ltd.*,
  91 F.4th 1340 (9th Cir. 2024) ........................................................ 9, 15

*Devas Multimedia Private Ltd. v. Antrix Corp. Ltd.*,
  No. 20-36024, 2023 WL 4884882 (9th Cir. Aug. 1, 2023) .......... 4, 8, 9

*Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*,
  582 F.3d 393 (2d Cir. 2009) ............................................................... 8

*Fuld v. Palestine Liberation Org.*,
606 U.S. 1 (2025) ...................................................... 2, 8, 10-12, 14, 15

*GSS Group Ltd v. Nat'l Port Auth.*,
680 F.3d 805 (D.C. Cir. 2012) ....................................... 10, 11

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982) ................................................... 15

*Mallory v. Norfolk S. Ry. Co.*,
600 U.S. 122 (2023) ................................................... 15, 16

*Phoenix Consulting Inc. v. Republic of Angola*,
216 F.3d 36 (D.C. Cir. 2000) ......................................... 5

*Price v. Socialist People's Libyan Arab Jamahiriya*,
294 F.3d 82 (D.C. Cir. 2002) ......................................... 8, 11

*Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*,
27 F.4th 771 (D.C. Cir. 2022) ........................................ 3, 7

*Republic of Argentina v. Weltover, Inc.*,
504 U.S. 607 (1992) ................................................... 8

*Stati v. Republic of Kazakhstan*,
199 F. Supp. 3d 179 (D.D.C. 2016) .................................... 5

*Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*,
614 F.2d 1247 (9th Cir. 1980) ........................................ 9

*TMR Energy Ltd. v. State Prop. Fund of Ukraine*,
411 F.3d 296 (D.C. Cir. 2005) ........................................ 10

*Turkiye Halk Bankasi A.S. v. United States*,
598 U.S. 264 (2023) ................................................... 2

*Verlinden B.V. v. Cent. Bank of Nigeria*,
461 U.S. 480 (1983) ................................................... 13, 14

*Youngstown Sheet & Tube Co. v. Sawyer*,
343 U.S. 579 (1952) ................................................... 14

CONSTITUTIONAL PROVISION

U.S. Const. amend. V .................................................................................7

STATUTES

28 U.S.C. § 1330(a) ..............................................................................3, 5

28 U.S.C. § 1604 ........................................................................................2

28 U.S.C. § 1605(a)(1)...............................................................................5

28 U.S.C. § 1605(a)(2)...............................................................................6

28 U.S.C. § 1605(a)(3)...............................................................................6

28 U.S.C. § 1605(a)(6).......................................................................3, 5, 6

28 U.S.C. § 1605(a)(6)(A).........................................................................14

28 U.S.C. § 1605(a)(6)(B) ....................................................................3, 14

28 U.S.C. § 1605(a)(6)(C).........................................................................14

28 U.S.C. § 1605(a)(6)(D).........................................................................14

TREATY

Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517.........................................................................3

BRIEFS

Antrix Br., *CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd.*, 605 U.S. 223 (2025) (Nos. 23-1201 and 24-17).........................................................6

Bermann Amicus Br., *CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd.*, 605 U.S. 223 (2025) (Nos. 23-1201 and 24-17) ...............................................7

Bjorklund Amicus Br., *CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd.*, 605 U.S. 223 (2025) (Nos. 23-1201 and 24-17) ...............................................7

Feldman Amicus Br., *CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd.*, 605 U.S. 223 (2025) (Nos. 23-1201 and 24-17) .......................................16, 17

Devas Br., *CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd.*, 605 U.S. 223 (2025) (Nos. 23-1201 and 24-17) ........................................................10, 15, 16

Devas Reply Br., *CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd.*, 605 U.S. 223 (2025) (Nos. 23-1201 and 24-17) ......................................6, 7, 10, 16

U.S. Amicus Br., *CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd.*, 605 U.S. 223 (2025) (Nos. 23-1201 and 24-17) ..............................................................13, 16

**OTHER AUTHORITIES**

Restatement (Fourth) of the Foreign Relations Law of the United States...........9, 10

## INTRODUCTION

The question presented to the Supreme Court was "whether the [Foreign Sovereign Immunities Act ("FSIA")] requires proof of 'minimum contacts' before a court can exercise personal jurisdiction over a foreign state." *CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd.*, 605 U.S. 223, 231 (2025).  The Court held that "[t]he text and structure of the FSIA demonstrate that Congress did not require 'minimum contacts' over and above the contacts already required by the Act's enumerated exceptions to foreign sovereign immunity." *Id*. at 232.  Instead of defending this Court's FSIA-based reasoning, Antrix "raise[d] various alternative reasons why [the Supreme Court] should affirm the decision below notwithstanding its misreading of the FSIA," but the Supreme Court declined to address them because this Court "relied exclusively on its interpretation of the FSIA's personal-jurisdiction provision." *Id*. at 236-37.  On remand, Antrix could litigate these issues "consistent with principles of forfeiture and waiver." *Id*. at 237.  Accordingly, the Supreme Court reversed and remanded to this Court.  *Id*.  This Court has now requested supplemental briefing on Antrix's alternative arguments.  Dkt. 140.[1]

None has merit.  As Antrix conceded throughout litigation, subject-matter jurisdiction exists under the FSIA's arbitration exception, and Antrix's newfound argument to the contrary is meritless and has never been adopted by any court.

---

[1] All docket citations are to No. 20-36024.

Personal jurisdiction over Antrix comports with the Fifth Amendment's Due Process Clause for multiple reasons: (1) as a wholly controlled instrumentality of India, Antrix, like India itself, is not a "person" entitled to the protections of that constitutional provision; (2) the Fifth Amendment does not impose a minimum-contacts test, as the Supreme Court held in *Fuld v. Palestine Liberation Organization*, 606 U.S. 1 (2025); and (3) in any event, Antrix consented to personal jurisdiction over enforcement proceedings when it agreed to arbitrate with Devas. Lastly, because the Indian courts' set-aside of the award is not self-executing, the district court must assess the effect of the set-aside in the first instance.[2]

## ARGUMENT

### I. This Court has subject-matter jurisdiction under the FSIA's arbitration exception.

"[T]he FSIA codifies a baseline principle of immunity for foreign states and their instrumentalities" and "then sets out exceptions to that principle." *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 272 (2023); *see* 28 U.S.C. § 1604 ("a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter"). It

---

[2] If this Court affirms confirmation, then it must address Devas's appeal from the district court's order granting registration of the judgment in the Eastern District of Virginia. *See Devas Multimedia Private Limited v. Antrix Corp. Ltd.*, No. 22-35085. For the reasons Devas stated in that appeal's briefing, the district court's registration order should be reversed.

2

grants subject-matter jurisdiction over any claim that satisfies an immunity exception. 28 U.S.C. § 1330(a) ("The district courts shall have original jurisdiction … of any nonjury civil action against a foreign state … as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.").

The FSIA's arbitration exception to immunity, 28 U.S.C. § 1605(a)(6), provides that a foreign state is not immune in any case, *inter alia*, "in which the action is brought … to confirm an award made pursuant to … an agreement to arbitrate" with the foreign state if "the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards." *Id.* § 1605(a)(6)(B). "The United States, for instance, has acceded to [the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), June 10, 1958, 21 U.S.T. 2517], which requires it to enforce certain awards issued abroad." *CC/Devas (Mauritius) Ltd.*, 605 U.S. at 230. "In such instances, and when the FSIA is otherwise satisfied, the arbitration exception would also apply." *Id.* Indeed, this exception is commonly used to enforce arbitral awards governed by the New York Convention. *See, e.g.*, *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 27 F.4th 771, 776 (D.C. Cir. 2022) ("[T]he New York Convention is exactly the sort of

treaty Congress intended to include in the arbitration exception.") (citation and internal quotation marks omitted); *see also Deutsche Telekom, A.G. v. Republic of India*, No. 24-7081, 2025 WL 2810722, at *3 (D.C. Cir. Oct. 3, 2025) (arbitration exception satisfied because action sought to confirm arbitral award governed by New York Convention).

Here, it was undisputed in the district court that "for purposes of the FSIA, Antrix is a 'foreign state,' … and an enumerated exception applies." *Devas Multimedia Private Ltd. v. Antrix Corp. Ltd.*, No. 20-36024, 2023 WL 4884882, at *1 (9th Cir. Aug. 1, 2023). All parties agree that the award for which Devas seeks confirmation is governed by the New York Convention. *Id.*; ER-9-10.[3] As both this Court and the district court explained, *Devas Multimedia Private Ltd.*, 2023 WL 4884882, at *1; ER-9-10, 37-38, that means the arbitration exception applies, Antrix's immunity is stripped, and subject-matter jurisdiction is automatic. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989).

What is more, Antrix conceded before the district court and this Court that the arbitration exception applies. *Devas Multimedia Private Ltd.*, 2023 WL 4884882, at *1; ER-9-10; Dkt. 40 at 4 (Antrix's opening brief); D.Ct. Dkt. 13 at 14 (Antrix's motion to dismiss and opposition to confirmation). "As a threshold matter, if the sovereign makes a conscious decision to take part in the litigation, then it must assert

---

[3] All record citations are to the Excerpts of Record filed in No. 20-36024.

its immunity under the FSIA either before or in its responsive pleading." *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 39 (D.C. Cir. 2000) (citation and internal quotation marks omitted). "This requirement holds even though FSIA immunity is jurisdictional because failure to assert the immunity after consciously deciding to participate in the litigation may constitute an implied waiver of immunity, 28 U.S.C. § 1605(a)(1), which invests the court with subject matter jurisdiction under 28 U.S.C. § 1330(a)." *Id.*; *see also Barapind v. Gov't of Republic of India*, 844 F.3d 824, 829 (9th Cir. 2016) (implied waiver occurs when, *inter alia*, "a foreign state has filed a responsive pleading in a case without raising the defense of sovereign immunity") (citation and internal quotation marks omitted). Antrix's failure to contest immunity at the outset of the case provides another basis for subject-matter jurisdiction. *See Stati v. Republic of Kazakhstan*, 199 F. Supp. 3d 179, 189-90 (D.D.C. 2016) (foreign state's filing of responsive pleadings in confirmation action without asserting immunity waived it).

Antrix's motion for supplemental briefing asserts that the arbitration exception does not apply "where there is no substantial connection between the underlying arbitral dispute and the United States." Dkt. 135 at 2. Specifically, Antrix contends that the Devas-Antrix agreement does not "concern[] a subject matter capable of settlement by arbitration under the laws of the United States." 28 U.S.C. § 1605(a)(6). Antrix posits that "[t]his language limits the arbitration

5

exception to disputes concerning commerce within or with the United States, because disputes concerning entirely foreign commerce are not arbitrable under U.S. law." Antrix Br. 19, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17).

But, as Devas explained in its reply brief at the Supreme Court, Antrix cited no authority adopting this reading of the arbitration exception—not a single case, treatise, or article anywhere. For good reason: Antrix's novel interpretation conflicts with plain meaning, statutory context, and the New York Convention provision from which the "subject matter" proviso is lifted. Devas Reply Br. 6-12, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17). The "subject matter" proviso refers to substantive categories of cases that U.S. law deems arbitrable, for "subject matter" does not typically refer to territorial limitations extrinsic to the substantive nature of the dispute. *Id*. at 7. Congress knew the language needed to mandate U.S.-commerce or territorial connections as a prerequisite to overcoming immunity—such as "commercial activity," "direct effect," "in connection with," and "in the United States," 28 U.S.C. § 1605(a)(2)-(3)—but it omitted similar terms from the "subject matter" proviso. *Id*. at 7-8. And the New York Convention, from which the proviso is lifted, does not use the phrase to exclude disputes that lack connections to domestic commerce; rather, the Convention uses that phrase consistent with its plain meaning—to exclude substantive categories of cases that are not arbitrable

under domestic law but must instead be decided by courts. *Id.* at 8-12; *see also* Bjorklund Amicus Br. 8, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17); Bermann Amicus Br. 8-14, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17). Consequently, courts regularly use the FSIA's arbitration exception to enforce New York Convention awards that have no commercial connection to the United States. *See, e.g.*, *Process & Indus. Devs. Ltd.*, 27 F.4th at 772 (company founded by Irish nationals entered into natural-gas agreement with Nigeria and obtained award in London); *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 794 F.3d 99, 100-01 (D.C. Cir. 2015) (London-issued award arising out of dispute between Belize and Belizean telecommunications company over agreement to serve Belize's communication needs).

## II.  Antrix is subject to personal jurisdiction.

With personal jurisdiction under the FSIA confirmed by the Supreme Court, Antrix argues that the Constitution prohibits personal jurisdiction. It does not. The Fifth Amendment's Due Process Clause provides that "[n]o person shall be … deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. While the Due Process Clause may bear on personal jurisdiction, it does not protect Antrix because neither a foreign state nor its wholly controlled instrumentality is a "person" for purposes of that clause. Even if Antrix were a person, the Fifth Amendment's Due Process Clause—unlike the Fourteenth's—does

not impose a minimum-contacts test for personal jurisdiction; rather, if it imposes any territorial limitations at all, the jurisdictional inquiry is much more flexible than the Fourteenth Amendment's. The FSIA's arbitration exception passes that test, which *Fuld* sets forth. And, finally, due process is independently satisfied because Antrix consented to personal jurisdiction when it agreed to arbitrate in a manner that falls within the FSIA's arbitration exception.

### A. Antrix is not a "person" under the Due Process Clause.

Antrix cannot claim protection from personal jurisdiction under the Fifth Amendment's Due Process Clause. Every circuit to have addressed the issue since *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607 (1992), has held that foreign states are not "persons" for purposes of the Due Process Clause. *See Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 96 (D.C. Cir. 2002); *Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 399 (2d Cir. 2009); *Abelesz v. Magyar Nemzeti Bank*, 692 F.3d 661, 694 (7th Cir. 2012); *see also Fuld*, 606 U.S. at 29-30 (Thomas, J., concurring in the judgment) (surveying the post-*Weltover* consensus).

Antrix previously argued that this Court treats foreign states as persons, but that is wrong. This Court already rejected Antrix's reading of circuit caselaw and instead held that this Court's minimum-contacts requirement for foreign states stemmed from the FSIA, not the Constitution. *Devas Multimedia Private Ltd.*, 2023

WL 4884882, at *2 ("[T]he application of the minimum contacts analysis to actions under the FSIA in [*Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247 (9th Cir. 1980)] is statutory rather than constitutional."); *see also id.* at *4 (Miller, J., concurring) ("As the court explains today, the better reading of our cases is that the application of the minimum contacts analysis to actions under the FSIA is statutory rather than constitutional.") (cleaned up); *Devas Multimedia Private Ltd. v. Antrix Corp. Ltd.*, 91 F.4th 1340, 1346 (9th Cir. 2024) (Bumatay, J., dissenting from the denial of rehearing en banc). That understanding is consistent with this Court's post-*Weltover* cases recognizing that the constitutional status of foreign states is an open question. *See Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1025 (9th Cir. 2010) (en banc) ("To resolve this argument, we would need to decide whether a foreign state or an instrumentality of a foreign state is a 'person' for purposes of the Due Process Clause ...."); Dkt. 52 at 16-17 (Devas's answering brief collecting post-*Weltover* cases where Ninth Circuit left the question open). To the extent the Court needs to address the question in this case, it should join its sister circuits in holding that foreign states are not persons under the Due Process Clause.

A similar circuit consensus holds that wholly controlled instrumentalities of foreign states likewise are not persons protected by the Due Process Clause. ER-37-38 (collecting cases); *see also* Restatement (Fourth) of the Foreign Relations Law of

the United States § 452 reporters' notes cmt. 7 (2018) ("The *Bancec* test is also used to determine whether the agency or instrumentality should have due-process rights to which the state is not entitled."). As the district court explained below, "[w]here the state exercises sufficient control over a foreign corporation, the due process clause does not apply and statutory personal jurisdiction under the FSIA is all that is required." ER-37. Applying this test, the district court concluded that because "[t]he Government of India exercises 'plenary control' over Antrix," Antrix "is not a 'person' for due process purposes." ER-37-38 (citation omitted).

The parties have fully briefed the questions whether foreign states are persons protected by due process and whether Antrix is a person for purposes of due process. Dkt. 52 at 14-27; Devas Br. 35-38, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17); Devas Reply Br. 20-21, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17). Because there have been no further developments on those issues in either *Fuld* or the Supreme Court's decision in this case, Devas will not expound on them here.

In any event, Antrix would fall outside the Fifth Amendment even if it were *not* controlled by India. As the D.C. Circuit has noted, "[i]t is far from obvious that even [a wholly independent foreign state-owned corporation] would be entitled to the protection of the fifth amendment." *TMR Energy Ltd. v. State Prop. Fund of Ukraine*, 411 F.3d 296, 302 n.* (D.C. Cir. 2005); *see also GSS Group Ltd v. Nat'l*

*Port Auth.*, 680 F.3d 805, 817-19 (D.C. Cir. 2012) (Williams, J., concurring) (questioning whether "entities owned by a foreign state but not subject to the state's plenary control or otherwise treated as a state" should receive due process protections). Wholly foreign state-owned corporations like Antrix are not similarly situated to other corporations. Like foreign states, they "have available to them a panoply of mechanisms in the international arena through which to seek vindication or redress" and can use those means to protect their interests. *Price*, 294 F.3d at 98. Diplomacy and international law, not the Due Process Clause, are the means these entities must use for protection in the American legal system. *Id.* at 97-99; *see also GSS Group Ltd*, 680 F.3d at 818 (Williams, J., concurring) ("State-owned corporations, of course, will often have access to the diplomatic mechanisms alluded to in *Price,* and their use of that access might well precipitate the sort of negotiated solutions contemplated there.").

### B. Even if the Fifth Amendment applies to Antrix, personal jurisdiction is proper.

In *Fuld*, the Supreme Court addressed the extent to which the Fifth Amendment limits a federal court's exercise of personal jurisdiction. 606 U.S. at 11-12. The Court held that the Fifth Amendment "does not impose the same jurisdictional limitations as the Fourteenth," thus squarely rejecting the minimum-contacts test Antrix has urged throughout this litigation. *Id.* at 18. However, the Court did "not purport to delineate the outer bounds of the" Fifth Amendment's

jurisdictional limitations, reserving the question whether "the Fifth Amendment imposes *no* territorial limits on personal jurisdiction." *Id.* Rather, the Court held that whatever the outer limits, the statute at issue in *Fuld* validly authorizes personal jurisdiction under the Fifth Amendment's more "flexible" test. *Id.* at 16. The same is true of the FSIA's arbitration exception.

In holding that the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA") survived Fifth Amendment scrutiny, the Supreme Court cited several factors that are relevant here. For example, the PSJVTA reflects "the political branches' balanced judgment of competing concerns over sensitive and weighty interests of national security and foreign affairs and fairness to these particular defendants." *Id.* at 20 (citation and internal quotation marks omitted). Also important were the PSJVTA's "suitably limited" provisions, which apply to "a narrow category of claims that provide civil remedies" in specifically defined circumstances and thus did not put the defendants "at broad risk of being haled into U. S. courts for myriad civil liability actions." *Id.* Similarly, "[t]he statute's jurisdiction triggering predicates [were] likewise narrow," linking jurisdiction "to specific and narrow conduct" for which the United States had "longstanding" policies. *Id.* at 21.

So too here. The FSIA is the product of the political branches' judgment in the foreign affairs arena, balancing the need to subject foreign states to suit in U.S.

court in limited instances with the need to ensure fundamental fairness that safeguards diplomatic relations. "In 1976, Congress passed the Foreign Sovereign Immunities Act in order to free the Government from the case-by-case diplomatic pressures, to clarify the governing standards, and to assure litigants that decisions are made on purely legal grounds and under procedures that insure due process." *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488 (1983) (cleaned up). "To accomplish these objectives, the Act contains a comprehensive set of legal standards governing claims of immunity in every civil action against a foreign state or its political subdivisions, agencies or instrumentalities." *Id.*; *see also id.* at 493 (Congress crafted FSIA exceptions "[t]o promote … federal interests," such as "foreign commerce and foreign relations").

The arbitration exception, in particular, furthers the United States' strong interest in complying with its obligations under international agreements to recognize and enforce foreign arbitral awards, U.S. Amicus Br. 21-22, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17), and facilitates international commerce by encouraging the confirmation of arbitral awards. In sum, the FSIA and its arbitration exception reflect the political branches' delicate and balanced judgment on a range of foreign affairs issues that strongly implicate U.S. interests.

13

The terms of the FSIA and its arbitration exception are also appropriately limited to achieving these ends. The FSIA sets out narrow exceptions to its grant of immunity to foreign states in accord with the view that a foreign state lacks immunity for only its commercial acts. *See Verlinden*, 461 U.S. at 487-88 (discussing FSIA's codification of the restrictive theory of sovereign immunity). Consistent with that approach, the arbitration exception waives sovereign immunity in only four limited circumstances. *See* 28 U.S.C. § 1605(a)(6)(A)-(D).

As in *Fuld*, the FSIA's exceptions to sovereign immunity, including those in the arbitration exception, are narrow and implicate the federal government's weighty foreign policy interests. They reflect the balanced judgment of the political branches and, accordingly, are entitled to "the strongest of presumptions and the widest latitude of judicial interpretation." *Fuld*, 606 U.S. at 19 (quoting *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 637 (1952) (Jackson, J., concurring)). The Fifth Amendment's requirements are satisfied here.[4]

Because personal jurisdiction is secure over Antrix for the various independent reasons given throughout Section II of this brief, the Court should have

---

[4] Even if the Fifth Amendment entails a "reasonableness" inquiry like the Fourteenth, *see Fuld*, 606 U.S. at 23-24 (leaving open this issue), exercising personal jurisdiction over Antrix would be reasonable. The United States has a strong interest in facilitating the confirmation of arbitral awards and upholding its treaty obligations, and Antrix cannot complain of any lack of notice or unfairness when it agreed to arbitrate under terms that allowed for global enforcement under the New York Convention. *See id.* at 24-25; *see also infra* at 15-17.

no need to reach the question left open in *Fuld*—whether the Fifth Amendment imposes *any* territorial limitations on personal jurisdictions.  But if the Court decides that issue, it should hold that the Fifth Amendment authorizes personal jurisdiction to the extent prescribed by Congress.  *See CC/Devas (Mauritius) Ltd.*, 91 F.4th at 1349-52 (Bumatay, J.); *Fuld*, 606 U.S. at 35-44 (Thomas, J.); Devas Br. 38-41, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17).  Because the FSIA permits personal jurisdiction here, personal jurisdiction over Antrix necessarily comports with the Fifth Amendment.

## C.    Antrix consented to personal jurisdiction.

Regardless of how the Court decides any of the constitutional questions discussed above, the Constitution is always satisfied by a defendant's waiver or consent to personal jurisdiction, including through statutory consent provisions. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 138 (2023) (plurality op.).  "Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982).  And "[a] variety of legal arrangements" can "represent express or implied consent to the personal jurisdiction of the court."  *Id.*  Consent "manifested in various ways by word or deed" will satisfy due process.  *Mallory*, 600 U.S. at 138 (plurality op.); *see also Fuld*, 606 U.S. at 23 (finding it unnecessary to address "whether the statute comports with our cases

addressing the circumstances under which a defendant may be deemed, consistent with due process, to have consented to jurisdiction").

Antrix consented to personal jurisdiction when it agreed to arbitrate under the New York Convention in a manner that satisfied the FSIA's arbitration exception. Devas Br. 40-41, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17); Devas Reply Br. 19-20, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17). As the arbitration exception's principal drafter explained, that provision complies with due process because a foreign state that consents to arbitrate under the New York Convention necessarily consents to enforcement proceedings in all Convention-signatory nations. Feldman Amicus Br. 9-11, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17). The United States agreed that Antrix consented to personal jurisdiction in the United States when it agreed to arbitrate. U.S. Amicus Br. 23-26, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17).

In *Mallory,* moreover, the Supreme Court rejected a due-process challenge to a Pennsylvania law that deemed out-of-state corporations to have consented to personal jurisdiction by registering to do business in the state. 600 U.S. at 126-27. Just as the statute in *Mallory* validly inferred consent to personal jurisdiction from business registration, the FSIA infers a limited jurisdictional consent to arbitral-enforcement actions from a foreign state's agreement to arbitrate certain disputes

16

that satisfy the arbitration exception. Feldman Amicus Br. 11-18, *CC/Devas (Mauritius) Ltd.*, 605 U.S. 223 (Nos. 23-1201 and 24-17). The consent-based approach to personal jurisdiction reflected in the FSIA's arbitration exception satisfies any constitutional requirements that may apply.

**III. The Indian courts' set-aside of the award is not self-executing.**

Antrix contends that the Indian courts' set-aside of Devas's award automatically undoes U.S. confirmation. Not so. Such foreign rulings are not self-executing, and the district court must evaluate in the first instance the enforceability of an award set aside in the primary jurisdiction after confirmation in the United States. *See Compañía de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 58 F.4th 429, 444 (10th Cir. 2023); *Corporacion Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploracion y Produccion*, 832 F.3d 92, 107 (2d Cir. 2016). This Court should resolve the issues presented on appeal, and then the district court can address the effect of the set-aside in the first instance.

Dated:  October 9, 2025                    Respectfully submitted,

   */s/ Aaron M. Streett*
Aaron M. Streett
Christopher E. Tutunjian
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, TX 77002
Tel: (713) 229-1234

*Counsel for Petitioner-Appellee*
*Devas Multimedia Private Ltd.*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

## FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 20-36024, 22-35085

I am the attorney or self-represented party.

**This brief contains 3,988 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[  ] complies with the word limit of Cir. R. 32-1.

[  ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[  ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[  ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[  ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [  ] it is a joint brief submitted by separately represented parties.
    [  ] a party or parties are filing a single brief in response to multiple briefs.
    [  ] a party or parties are filing a single brief in response to a longer joint brief.

[X] complies with the length limit designated by court order dated August 25, 2025.

[  ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Aaron M. Streett        **Date** October 9, 2025
*(use "s/[typed name]" to sign electronically-filed documents)*

19

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. All participants in this case registered with CM/ECF will be served by the CM/ECF system.

Dated: October 9, 2025

  */s/ Aaron M. Streett*
Aaron M. Streett
BAKER BOTTS LLP
910 Louisiana St.
Houston, Texas 77002
(713) 229-1855 (phone)
(713) 229-7855 (fax)
aaron.streett@bakerbotts.com

*Counsel for Petitioner-Appellee*
*Devas Multimedia Private Ltd.*