**Nos. 20-36024(L),
22-35085(M), 22-35103(M)**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DEVAS MULTIMEDIA PRIVATE LIMITED,
*Petitioner-Appellee*,

CC/DEVAS (MAURITIUS) LIMITED; DEVAS MULTIMEDIA AMERICA, INC.;
DEVAS EMPLOYEES MAURITIUS PRIVATE LIMITED;
TELCOM DEVAS MAURITIUS LIMITED,
*Appellees-Intervenors*,

v.

ANTRIX CORP. LTD.,
*Respondent-Appellant*.

*(Captions continued on inside cover)*

On Appeal from the United States District Court
for the Western District of Washington, No. 2:18-cv-01360-TSZ
Hon. Thomas S. Zilly, Senior District Judge

**APPELLEES-INTERVENORS' SUPPLEMENTAL REPLY BRIEF**

Matthew D. McGill
Amy R. Upshaw
Nicholas A. Mecsas-Faxon
Arka Gupta
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500
matthew.mcgill@kslaw.com

*Counsel for Appellees-Intervenors
CC/Devas (Mauritius) Limited; Devas
Multimedia America, Inc.; Devas
Employees Mauritius Private Limited;
Telcom Devas Mauritius Limited*

November 14, 2025

———————

DEVAS MULTIMEDIA PRIVATE LIMITED,
*Petitioner-Appellant*,

CC/DEVAS (MAURITIUS) LIMITED; TELCOM DEVAS MAURITIUS LIMITED;
DEVAS MULTIMEDIA AMERICA, INC.;
DEVAS EMPLOYEES MAURITIUS PRIVATE LIMITED,
*Intervenor-Plaintiffs-Appellees*,

v.

ANTRIX CORP. LTD.,
*Respondent.*

———————

DEVAS MULTIMEDIA PRIVATE LIMITED,
*Petitioner*,

and

CC/DEVAS (MAURITIUS) LIMITED; DEVAS MULTIMEDIA AMERICA, INC.;
DEVAS EMPLOYEES MAURITIUS PRIVATE LIMITED;
TELCOM DEVAS MAURITIUS LIMITED,
*Intervenor-Plaintiffs-Appellees*,

v.

ANTRIX CORP. LTD.,
*Respondent-Appellant.*

———————

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ii

INTRODUCTION .................................................................................................1

ARGUMENT .........................................................................................................1

    I.    Subject matter jurisdiction exists .....................................................1

    II.   Exercising personal jurisdiction comports with the Fifth Amendment ......................................................................................6

    III.  The High Court of Delhi's decision does not justify non-enforcement here ...............................................................................9

CONCLUSION ....................................................................................................11

CERTIFICATE OF COMPLIANCE

## TABLE OF AUTHORITIES

**Cases**

*CC/Devas (Mauritius) Ltd. v. Antrix Corp.*,
 605 U.S. 223 (2025) ...................................................................................3, 4

*Corporación Mexicana De
 Mantenimiento Integral, S. De R.L. De C.V.
 v. Pemex-Exploración Y Producción*,
 832 F.3d 92 (2d Cir. 2016) ..................................................................................10

*Corporacion Mexicana de Servicios Maritimos,
 S.A. de C.V. v. M/T Respect*,
 89 F.3d 650 (9th Cir. 1996) ..................................................................................5

*Devas Multimedia Private Ltd. v. Antrix Corp.*,
 2023 WL 4884882 (9th Cir. Aug. 1, 2023) ..........................................................8

*Fuld v. Palestine Liberation Org.*,
 606 U.S. 1 (2025) ..............................................................................................6, 8

*Medellín v. Texas*,
 552 U.S. 491 (2008) ..............................................................................................7

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
 473 U.S. 614 (1985) ..........................................................................................2, 5

*Schneider v. Cnty. of San Diego*,
 28 F.3d 89 (9th Cir. 1994) ....................................................................................9

*United States v. Rodgers*,
 461 U.S. 677 (1983) ..............................................................................................9

**Constitutional Provisions**

U.S. Const. art. VI ......................................................................................................7

**Statutes**

9 U.S.C § 1 ................................................................................................................2

9 U.S.C. § 202 ................................................................................................... 2

28 U.S.C. § 1330(b) ........................................................................................... 6

28 U.S.C. § 1605(a)(1) ...................................................................................... 5

28 U.S.C. § 1605(a)(6) ............................................................................. 1, 2, 3, 7

**Other Authorities**

*Devas Multimedia Am. Inc. v. Antrix Corp.*,
  No. 200.332.942/01 (Hague Ct. App. Dec. 17, 2024) ........................... 11

N.Y. Convention, June 10, 1958, 21 U.S.T. 2517 ................................. 7, 9

## INTRODUCTION

The judgment of the district court should be affirmed. The district court had subject matter jurisdiction over the action; it had personal jurisdiction over Antrix; and the arbitration award was enforceable under the terms of the New York Convention. Antrix now principally contends that the Delhi High Court's subsequent decision to set aside the arbitration award requires reversal. But, as Antrix acknowledges, such an order does not bar enforcement of an arbitral award as a matter of law. Antrix thus directs its new argument to the wrong court. The correct procedure to argue that the set-aside decision should affect the judgment is through a Rule 62.1(a) or Rule 60(b) motion to the district court. Antrix offers no authority establishing that an appellate court should decide the effect of a post-judgment foreign set-aside order in the first instance. This Court should affirm.

## ARGUMENT

### I. Subject matter jurisdiction exists.

**A.** Antrix's argument that the underlying arbitration agreement did not "concern[] a subject matter capable of settlement by arbitration under the laws of the United States" defies Supreme Court precedent and the plain text of the statute. 28 U.S.C. § 1605(a)(6). The Supreme Court

has explained that a subject matter is "capable of settlement by arbitration" unless there is "an exception to arbitrability grounded in express congressional language." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 639 n.21 (1985) (quotation marks omitted). Antrix identifies no such express congressional language prohibiting arbitration of contract disputes like this one. The subject matter is thus capable of settlement by arbitration, and there is subject matter jurisdiction.

Despite *Mitsubishi*'s clear requirement of "express congressional language," Antrix argues that a limitation drawn from the FAA's definition of "commerce" in 9 U.S.C § 1 should be implied into the FSIA. But the statute implementing the New York Convention provides expressly for the enforcement of any arbitration agreement "considered as commercial, *including*" those covered by the FAA. 9 U.S.C. § 202 (emphasis added). This demonstrates not only that the Convention has a scope broader than the FAA, *see* Intervenor Supp.Br. 6-7, but also that disputes arising under that broader category of commercial agreements are at least presumptively "capable of settlement by arbitration under the laws of the United States." 28 U.S.C. § 1605(a)(6). This Court should

not find that Congress impliedly prohibited arbitrations that Congress elsewhere has expressly permitted.

Indeed, Antrix's suggestion that the FAA's "commerce" requirement be implied into the FSIA is especially misplaced because the FSIA's arbitration exception already sets forth its own disjunctive requirement of a nexus to the United States. The arbitration exception provides subject matter jurisdiction over actions to enforce arbitration awards, if "(A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607, or (D) [the statutory provision on waiver in a U.S. court] is otherwise applicable." 28 U.S.C. § 1605(a)(6). Congress's reticulated disjunctive set of conditions precludes implication of others. *See CC/Devas (Mauritius) Ltd. v. Antrix Corp.*, 605 U.S. 223, 233 (2025) ("We decline to add in what Congress left out."). And the *expressio unius* canon has even greater force here where the proposed addition would deprive subpart (B)—providing

3

for jurisdiction when the arbitration agreement is governed by a treaty in force in the United States—of its ability to independently support jurisdiction, scrambling Congress's disjunctive statutory scheme.

None of Antrix's remaining arguments for implying a U.S.-nexus test have merit. *First,* Antrix contends (at 12) that waivers of sovereign immunity are to be read narrowly. But the Supreme Court just explained in this litigation that the FSIA must be "interpreted according to the text Congress enacted." *CC/Devas (Mauritius) Ltd.*, 605 U.S. at 235-46. *Second*, Antrix points (at 13 (cleaned up)) to legislative history that shows Congress's intent to "help Americans engaged in international business," but that intent counsels *against* Antrix's test. Americans regularly engage in international business by investing in foreign companies both directly and indirectly. Antrix's interpretation would prohibit those foreign companies from availing themselves of the FSIA and U.S. courts and would leave their American investors out to dry. *Third*, Antrix flags (at 14-15 (cleaned up)) that international treaties also use similar "capable of settlement by arbitration" language. But this is language that the Supreme Court authoritatively interpreted: An arbitral award is enforceable unless there is "an exception to arbitrability

4

grounded in express congressional language." *Mitsubishi Motors*, 473 U.S. at 639 n.21. The arbitration exception applies here.

**B.** This Court also has subject matter jurisdiction under the waiver exception in § 1605(a)(1). *See* Intervenor Supp.Br. 7-9. Antrix resists (at 16) on the ground that subject matter jurisdiction is generally not waivable. But the FSIA expressly provides jurisdiction when "the foreign state has waived its immunity either explicitly or by implication." 28 U.S.C. § 1605(a)(1). And this Court has held that where a "foreign state has filed a responsive pleading in a case without raising the defense of sovereign immunity," it implicitly waives its immunity. *Corporacion Mexicana de Servicios Maritimos, S.A. de C.V. v. M/T Respect*, 89 F.3d 650, 655 (9th Cir. 1996) (quotation marks omitted). That is what happened here. Antrix asserts it "has consistently challenged federal court jurisdiction." Antrix Supp.Br. 16. But, until briefing before the Supreme Court, Antrix never challenged that *subject matter* jurisdiction existed. Antrix thus waived its immunity by implication. The Court has subject matter jurisdiction.

5

## II. Exercising personal jurisdiction comports with the Fifth Amendment.

The FSIA provides personal jurisdiction over a foreign sovereign where an enumerated exception to immunity applies and where service has lawfully been made. 28 U.S.C. § 1330(b). That provision does not violate the Due Process Clause of the Fifth Amendment.

As Antrix recognizes (at 18, 20), the Supreme Court in *Fuld* rejected the Fourteenth Amendment's requirement that a defendant have minimum contacts with the forum state and declined "to delineate the outer bounds of the Federal Government's power." *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 18-19 (2025). Yet Antrix asks this Court to require minimum contacts with the United States and to delineate the outer bounds of the Federal Government's power. This Court should reject that request. "[W]hatever the Fifth Amendment's outer limits on the territorial jurisdiction of federal courts," application of Section 1330(b) here "does not transgress them." *Id.* at 18-19; Intervenor Supp.Br. 9-16.

Antrix argues that exercising personal jurisdiction would be unreasonable for two reasons: First, Antrix contends that the "U.S. government has no … stake in the resolution of this Indian dispute."

6

Antrix Supp.Br. 18-19. Second, Antrix claims that it was not put on notice that its dispute with Devas "would expose it to being sued in U.S. court." *Id.* Antrix is wrong on both fronts.

The United States has important interests implicated by an enforcement of the FSIA here. Congress provided for subject matter jurisdiction under the arbitration exception where an award is governed by a treaty in force in the United States. 28 U.S.C. § 1605(a)(6). That reflects the United States' preeminent interest in enforcing its treaty obligations and "ensuring the reciprocal observance of the [New York] Convention." *See Medellín v. Texas*, 552 U.S. 491, 524 (2008); U.S. Const. art. VI, cl. 2 ("all Treaties made … under the authority of the United States, shall be the supreme Law of the Land").

Nor can Antrix credibly claim that it did not have notice that Devas might seek to enforce the award in the United States. Antrix is a sophisticated party and an alter ego of India, which is itself a signatory to the New York Convention. And Article III of the Convention provides for enforcement in the courts of any country in which the treaty is in force. N.Y. Convention art. III, June 10, 1958, 21 U.S.T. 2517. And Antrix knew that the ultimate shareholders of Devas were American when it

7

agreed that an arbitral award could be "entered in any court of competent jurisdiction." ER-252 (art. 20(f)). It thus could not "have come as much of a surprise that [it] w[as] haled into U.S. court[]." *Fuld*, 606 U.S. at 24-25. Antrix does not even attempt to argue that the FSIA's "jurisdictional rule makes litigation so gravely difficult and inconvenient, as to render the exercise of personal jurisdiction unreasonable and unfair." *Id.* at 25 (cleaned up) (citation omitted). It is not. The FSIA's personal jurisdiction provision is fair, reasonable, and consistent with the Fifth Amendment.

In any event, as the alter ego of India, Antrix is not entitled to protections under the Fifth Amendment. *See* Intervenor Supp.Br. 13-16; Devas Supp.Br. 8-11. Though Antrix argues (at 17 n.4) that this Court has extended Fifth Amendment protections to foreign states, this Court's panel previously clarified that "the application of the minimum contacts analysis to actions under the FSIA ... [was] statutory rather than constitutional." *Devas Multimedia Private Ltd. v. Antrix Corp.*, 2023 WL 4884882, at *2 (9th Cir. Aug. 1, 2023). To the extent this Court held that the "minimum contacts" standard applies to foreign sovereigns as a *constitutional* matter, that holding has been overturned. *Fuld*, 606 U.S. at 16. The district court had personal jurisdiction over Antrix.

8

## III. The High Court of Delhi's decision does not justify non-enforcement here.

This Court's "review is limited to the record presented to the district court." *Schneider v. Cnty. of San Diego*, 28 F.3d 89, 92 (9th Cir. 1994). Despite that background rule, Antrix asks this Court to reverse the district court's judgment based on a subsequent foreign set-aside order. It should not. Whether a post-judgment change in circumstances warrants relief from that judgment is a question for the district court to consider on a Rule 62.1(a) motion or a Rule 60(b) motion.

Antrix acknowledges that a foreign court's set aside order is not a total bar to enforcement of the underlying arbitration award. Antrix Supp.Br. 5, 8-9. The plain text of the Convention confirms exactly that: "Recognition and enforcement of the award *may* be refused" where the award "has been set aside." N.Y. Convention art. V(1)(e) (emphasis added). "May" connotes discretion. *See, e.g., United States v. Rodgers*, 461 U.S. 677, 706 (1983). So while courts sometimes defer to foreign set-aside orders, they sometimes do not.

Antrix identifies no example of an appellate court reversing the district court's judgment and entering judgment in favor of the award debtor based on a foreign proceeding that occurred *after* the district

9

court's judgment. Indeed, in the only case Antrix identified with a similar procedural timeline, the appellate court ultimately affirmed the district court's decision not to defer to the set aside order. *See Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración Y Producción*, 832 F.3d 92, 97 (2d Cir. 2016).

Vacatur of the district court's judgment would also be inappropriate. For starters, Antrix's supplemental brief makes no request for vacatur. And though Antrix has for years had an open path to seek an indicative ruling from the district court under Rule 62.1(a), it has conspicuously declined to do so. *See* Intervenor Remand Opp. at 1-5 (COA No. 20-36024 Dkt. 74). This Court should not push Antrix through a door that it strategically has chosen to keep closed.

In any event, although it is not this Court's role to weigh the evidence surrounding the Delhi High Court proceedings, the circumstances justify continued enforcement of the arbitral award here. While Antrix touts the Indian legal system as a whole, the set-aside proceedings here were distorted and unfair. Indeed, a court in another New York Convention signatory state concluded the Delhi set-aside ruling "cannot be recognized." *Devas Multimedia Am. Inc. v. Antrix Corp.*,

10

No. 200.332.942/01 ¶¶ 6.49-6.50 (Hague Ct. App. Dec. 17, 2024).[1] Had Antrix put this issue before the district court, there would have been compelling reasons for the district court likewise to refuse to give effect to the set-aside decision. Because Antrix did not do so, this Court should affirm.

## CONCLUSION

The judgment of the district court should be affirmed.

Respectfully submitted,

s/*Matthew D. McGill*
Matthew D. McGill
Amy R. Upshaw
Nicholas A. Mecsas-Faxon
Arka Gupta
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500
matthew.mcgill@kslaw.com

*Counsel for Appellees-Intervenors CC/Devas (Mauritius) Limited; Devas Multimedia America, Inc.; Devas Employees Mauritius Private Limited; Telcom Devas Mauritius Limited*

November 14, 2025

---

[1] *Available at* https://tinyurl.com/ys32wae6 (translated from Dutch to English).

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure Rule 32(a)(7)(C), I certify that this brief complies with the length limitations set forth in this Court's August 25, 2025 Order, because it contains 2,042 words, as counted by Microsoft Word, excluding items that may be excluded under Rule 32(a)(7)(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared using Microsoft Word 365ProPlus in Century Schoolbook 14-point font.

Date: November 14, 2025

*s/Matthew D. McGill*
Matthew D. McGill

*Counsel for Appellees-Intervenors CC/Devas (Mauritius) Limited; Devas Multimedia America, Inc.; Devas Employees Mauritius Private Limited; Telcom Devas Mauritius Limited*